## KANSAS CITY PUBLIC SERVICE CO. v. UNITED STATES.

### No. 5515.

United States District Court
W. D. Missouri, W. D.

Sept. 18, 1951.

Cir., 1950, 182 F.2d 228, 233. And see Pevely Dairy Co. v. United States, 8 Cir., 1949, 178 F.2d 363, 368–369.

Rice, Miller & McDowell, Kansas City, Kan., Wm. S. Hyatt, Jr., Kansas City, Mo., for plaintiff.

Sam M. Wear, U. S. Atty., Harry F. Murphy, Asst. U. S. Atty., Kansas City, Mo. (Theron Lamar Caudle, Asst. Atty. Gen., Andrew D. Sharpe, William B. Waldo, Sp. Assts. to Atty. Gen., on the brief), for defendant.

REEVES, Chief Judge.

There is no factual issue in this case. The question presented is purely one of law. The plaintiff seeks a refund of taxes paid by it for the taxable year 1944. It contends that it is entitled to such refund because of an alleged right to deduct from its income accumulated depreciations of its properties between the years 1926 and 1934.

During that period it employed the retiral method of accounting and computing its taxable income. It did this for the reason that it was not only a familiar method employed by kindred taxpayers, Chicago & Northwestern Ry. Co. v. Commissioner, 7 Cir., 114 F.2d 882 and Commissioner of Internal Revenue v. Union Pacific R. Co., 2 Cir., 188 F.2d 950 but, because of certain franchises under which it operated its properties in Kansas City, Missouri, it was compelled to maintain its property on an 85% physical and 100% operating condition. Claimed depreciation was frowned upon and in fact forbidden by local authorities, and the plaintiff was practically forced to employ the retiral method of accounting and in disposing of worn out and exhausted properties for the purpose of computing its taxable income. During such period, however, it did, for taxable purposes, claim certain amounts for depreciation but such claim was based entirely and exclusively upon a fund required to be accumulated and maintained by it for maintenance purposes or replacement. In lieu of a better name or title it used the word "Depreciation" in accounting for such fund in its tax returns. It was in no true sense, however, a depreciation of its assets for the reason that under the retiral method and because of its franchises from Kansas City it had no right to claim an allowance for depreciation generally on its properties. This, however, should be deducted from its accumulated depreciation claims. The result was that there was an accumulation of depreciation on its property for which it could not take credit on its return to the government.

After January 1, 1934, the plaintiff changed its method of accounting and became entitled to allowable depreciation and deterioration of its properties. On its return for the year 1944 it undertook to claim such accumulated depreciation but was cast by the government on the grounds that depreciation was previously allowable and that since it was not claimed its right to such was forfeited.

The only issue, therefore, presented in this case is whether the plaintiff is entitled, as a matter of law, to deduct its accumulated depreciation on its property (not previously allowable) for the taxable year 1944. The answer is in the affirmative. The majority opinion in Virginian Hotel Corp. v. Helvering, 319 U.S. 523, 63 S.Ct. 1260, 87 L.Ed. 1561, does not apply for the reason that the depreciation was not allowable each year as in the case ruled.

In the class of property designated as "Accelerated Amortization Schedule" such adjusted basis should be $3,171,342.76 instead of $2,350,076.66 as claimed by the government. As maintained by the plaintiff, the adjusted basis on the "Property Physically Retired in 1944" should be $212,298.75 instead of $186,565.84 as contended by the government. This decision is supported by the case of Los Angeles and

Salt Lake Ry. Co. v. Commissioner, 4 T. C. 634.

It is suggested in the briefs of the parties that when the court reaches a decision on the law, as above set out, the parties will make a proper computation of the amount to which the plaintiff is entitled. The findings of fact and statement of conclusions of law proposed by the plaintiff are given as properly reflecting the facts under the plaintiff's theory and the stipulation of facts and its right of recovery.